UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| SHIVA STEIN, <br><br> Plaintiff, <br><br> v. <br><br> MERIT MEDICAL SYSTEMS, INC., <br><br> Defendant. | CIVIL ACTION NO. _____ |

# COMPLAINT

Plaintiff, Shiva Stein, alleges, upon information and belief based upon, *inter alia*, the investigation made by and through her attorneys, except as to those allegations that pertain to the plaintiff herself, which are alleged upon knowledge, as follows:

## NATURE OF THE ACTION

1. This is a stockholder's direct action under Section 14(a) of the Securities Exchange Act of 1934, as amended (the Exchange Act), 15 U.S.C. § 78n(a), and the rules and regulations of the United States Securities and Exchange Commission (the "SEC").

2. Plaintiff, a shareholder of Defendant Merit Medical Systems, Inc. ("Merit Medical" or the "Company"), seeks an injunction to prevent a vote by its shareholders on Management Proposal 4 in the 2018 Proxy Statement for the annual meeting of Merit Medical shareholders scheduled for May 24, 2018 ("Proposal 4"). The grounds for this injunction are Defendant's failures to comply with the SEC's disclosure requirements for proxy statements.

3. Proposal 4 requests that the shareholders approve the Merit Medical's 2018 Long-Term Incentive Plan (the "Plan") that would allow the Company to issue awards in the form of stock options, stock appreciation rights, restricted stock, restricted stock units, and other share-

based awards. These awards may be granted as "performance awards." The Company is seeking approval for 3.1 million shares to be made available under the Plan for future grants. But it is unclear how many participants are in the Plan and why they are receiving these awards. SEC Rule 14a-3(a), 17 C.F.R. § 240.14a-3, requires that public companies may not solicit shareholder votes without furnishing a proxy statement "containing the information specified in Schedule 14A," 17 C.F.R. § 240.14a-101. Item 10(a)(1) of Schedule 14A specifically requires that "[i]f action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed," the proxy statement soliciting this vote must "[d]escribe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation."

4.      Proposal 4 of the 2018 Proxy Statement fails to disclose the approximate number of eligible participants and the bases of their participation in the Plan.

5.      Thus, the 2018 Proxy Statement does not comply with the SEC rules and regulations, and the Court should enjoin that vote unless and until Defendant furnishes its shareholders with a supplemental proxy statement with those specific disclosures.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over the subject matter of this action pursuant to Section 27(a) of the Exchange Act, 15 U.S.C. § 78aa(a).

7.      In connection with the acts, omissions, conduct and wrongs alleged herein, Defendant used the mails and the means or instrumentalities of interstate commerce.

8.      Venue is proper in this district because, as allowed under Section 27(a) of the Exchange Act, this district is where the violation at issue in this case occurred because the

Plaintiff is a resident of this district.

## PARTIES

9. Plaintiff is, and has been continuously since June 2014, a holder of Merit Medical common stock.

10. Merit Medical is a corporation organized under the laws of the State of Utah. The Company's last fiscal year ended December 31, 2017. As of February 23, 2018, it had 50,266,889 shares of common stock outstanding. Merit Medical's common stock is traded on the NASDAQ Stock Exchange under the symbol MMSI. Merit Medical is a manufacturer and marketer of disposable medical devices used in a range of interventional, diagnostic and therapeutic medical procedures.

## WRONGFUL ACTS AND OMISSIONS

11. Merit Medical has scheduled the annual shareholders' meeting for May 24, 2018. On April 13, 2018, it furnished its shareholders with the 2018 Proxy Statement to solicit their proxies for four management proposals and to transact other business that may properly come before the annual meeting.

12. Proposal 4 requests that the shareholders approve the Plan, which Merit Medical will be able to use to grant stock options, stock appreciation rights, restricted stock, restricted stock units, and other share-based awards to participants in the Plan immediately after the stockholder vote. But this proposal fails to provide sufficient – and federally required – information for Merit Medical stockholders to understand how many participants there are in each class, or why they are eligible for such shares.

13. Because Proposal 4 concerns a stockholder vote on a compensation plan, the SEC's rules and regulations require the 2018 Proxy Statement to disclose certain information

concerning the Plan. Specifically, Item 10(a)(1) of Schedule 14A, 17 C.F.R. § 240.14a-101 states:

> Compensation Plans. If action is to be taken with respect to any plan pursuant to which cash or noncash compensation may be paid or distributed, furnish the following information:
>
> (a)  Plans subject to security holder action.
>
> (1)  Describe briefly the material features of the plan being acted upon, identify each class of persons who will be eligible to participate therein, indicate the approximate number of persons in each such class, and state the basis of such participation.

But the 2018 Proxy Statement omits these disclosures.

14. Instead of providing the "approximate number of persons in each such class, and … the basis of such participation," Proposal 4 fails to mention that information. The 2018 Proxy Statement provides:

> Eligibility
> Directors, employees, consultants and advisors of the Company and our subsidiaries will be eligible to receive awards under the 2018 Incentive Plan to the extent designated by the Compensation Committee or its delegate. The Compensation Committee has not yet determined who will receive awards under the 2018 Incentive Plan but future grants consistent with the Company's historical equity-based compensation practices are likely.

Proxy at 40.

15. The above paragraph merely describes four classes of persons – (i) directors of the Company and subsidiaries; (ii) employees of the Company and subsidiaries; (iii) consultants of the Company and subsidiaries; (iv) advisors of the Company and subsidiaries – but it does not explain how many persons are in each class, and it does not provide the bases of their participation.

16. The Plan itself, attached to the 2018 Proxy Statement as Exhibit 2, has a different criteria for Eligibility:

4

> 4.1. Eligibility. The persons eligible to receive Awards are the Employees, Consultants and Directors of the Company and its Subsidiaries.

Proxy at 79.

17. The text of the Plan itself does not include "advisors" as a class of participants. Moreover, the definition of "Subsidiary" is quite broad.

18. "Subsidiary" as defined by the Plan "any (i) corporation (other than the Company) in an unbroken chain of corporations beginning with the Company if, at the time of the granting of the Award, each of the corporations other than the last corporation in the unbroken chain owns stock possessing more than 50% of the total combined voting power of all classes of stock in one of the other corporations in the chain; and (ii) any other entity in which the Company has a greater than 50% direct or indirect voting and economic equity interest."

19. Thus, Proposal 4 is confusing and inaccurate as to who is eligible and it is entirely unclear from the 2018 Proxy Statement how many participants might be awarded the compensation from the Plan that stockholders are being asked to approve or the bases of their receipt of such awards.

20. This contravention of the SEC rules renders the 2018 Proxy Statement unlawful under § 14(a) of the Exchange Act.

21. As a result of these actions, plaintiff will be injured, and she has no adequate remedy at law. She will suffer irreparable harm if no action is taken to ameliorate this harm because, in addition to being forced to vote without this information, the Plan allows for an unknown number of shares to be granted to an unknown number of participants immediately after this vote. Unwinding these awards will be impossible.

22. To ameliorate the injury, injunctive relief is required in the form of an amended and supplemented proxy statement that provides the information required by Item 10(a)(1) of Schedule 14A with regard to Proposal 4.

23. Consequently, Merit Medical should be enjoined from presenting Proposal 4 for a stockholder vote at the May 24, 2018 annual meeting or certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Merit Medical shareholder in connection with Proposal 4 in the 2018 Proxy Statement.

## RELIEF REQUESTED

**WHEREFORE,** Plaintiff requests the following relief:

A. A preliminary and permanent injunction, enjoining Merit Medical from:

(i) certifying or otherwise accepting any vote cast, by proxy or in person, by or on behalf of any Merit Medical shareholder in connection with Proposal 4 in the 2018 Proxy Statement;

(ii) presenting Proposal 4 for a shareholder vote at the May 24, 2018 annual meeting.

B. A preliminary and permanent injunction requiring Merit Medical to furnish a supplemental proxy statement with the information required by 17 C.F.R. §240.14a-101, Item 10(a)(1) that is cured of material disclosure defects pursuant to 15 U.S.C. § 78n(a).

C. Awarding such other and further relief as this Court deems just and proper.

Dated: April 16, 2018

                                                **WOLF HALDENSTEIN ADLER**
                                                **FREEMAN & HERZ LLP**

                                                By: /s/  *Gloria Kui Melwani*
                                                Gloria Kui Melwani
                                                270 Madison Avenue

                                      New York, NY 10016
                                      Telephone: (212) 545-4600
                                      Facsimile: (212) 686-0114

                                      ***Attorneys for Plaintiff***